**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

KYLE P. TATE                                                                                          PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:08CV57-P-A

LYNN T. CARVEL, M.D.,
DESOTO DIAGNOSTIC IMAGING,
LLC d/b/a CARVEL IMAGING,
METHODIST LE BONHEUR HEALTHCARE
and MEMPHIS RADIOLOGICAL
PROFESSIONAL CORPORATION,
Joint Venturers                                                                                    DEFENDANTS

CONSOLIDATED WITH

LYNN T. CARVEL, M.D.                                                                        PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:08CV250-P-A

KYLE P. TATE                                                                                       DEFENDANT

**ORDER**

This cause is before the Court on Carvel's Motion to Compel Arbitration and Stay Proceedings [12], a Joinder [17] therein filed by defendants DDI, Inc., Methodist Le Bonheur Healthcare and Memphis Radiological Professional Corporation (pending in Civil Action Number 2:08CV57) and Tate's Motion to Dismiss [5] and Carvel's Motion to Compel Arbitration and Stay Proceedings [10] (pending in Civil Action Number 2:08CV250). The Court, having reviewed the motions, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

In an effort to simplify the issues in this matter, the Court will address one of the later-filed motions first. Tate asserts that Carvel's Complaint for Arbitration (filed in 2:08CV250) raises claims, specifically fraud in the inducement, breach of contract, defamation, tortious interference with contract, tortious interference with business relations, breaches of contractual and fiduciary duties, conversion, and attempted conversion, which arise out of the same transaction or occurrence as that which forms the subject matter of Tate's claims against Carvel and the other defendants. His Motion to Dismiss [5] urges the Court to dismiss Carvel's Complaint for Arbitration on grounds that the claims raised therein constitute compulsory counterclaims which Carvel failed to plead when she responded to Tate's Complaint in the lead case, 2:08CV57. He maintains that she is therefore barred from pursuing those claims in the subsequently filed action, 2:08CV250.

Tate's argument has a certain allure to it. Its defect becomes readily apparent upon closer scrutiny, however. Assuming Carvel's claims would have constituted compulsory counterclaims pursuant to F.R.C.P. 13(a)–a matter this Court need not decide–Carvel would have risked waiving her right to arbitration had she raised those claims in a responsive pleading filed in 2:08CV57. Century 21 Maselle & Assocs., Inc. v. Smith, 965 So.2d 1031, 1039 (Miss. 2007). See also Walker v. J.C. Bradford & Co., 938 F.2d 575 (5th Cir. 1991)(waiver occurs when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party). Given the posture of the case, Carvel chose the most prudent course. She responded to Tate's claims against her and sought entry of an Order compelling arbitration and staying the case.[1] As time elapsed without a ruling on her pending motion in 2:08CV57, Carvel grew concerned about the possible limitations period on her own claims. She thus pursued the only course of action arguably

---

1

available–she filed a Complaint for Arbitration and a corresponding Motion to Compel Arbitration with regard to her claims <u>against Tate</u>. Accordingly, Carvel's action at every juncture has been consistent with her state desire to enforce the arbitration provision. Tate's Motion to Dismiss is not well-taken and should be denied.[2]

In a recently filed response to Carvel's Motion for Leave of Court to File Supplemental Memorandum Following Dispositive Admissions [30], Tate reiterated his position on the Motion to Dismiss, but conceded to arbitration of all remaining claims by all remaining parties in the event the Court refused to dismiss. Inasmuch as the Court has denied Tate's Motion to Dismiss, the Court will order all of the parties' claims to arbitration, including the parties' dispute concerning entitlement to attorneys' fees and costs relating to the present litigation. This action will be dismissed without prejudice. <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that retaining jurisdiction and staying an action "serv[s] no purpose" when all issues are arbitrable).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Tate's Motion to Dismiss [5] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that Carvel's Motion(s) to Compel Arbitration ([10] and [12]) and defendants DDI, Inc., Methodist Le Bonheur Healthcare, and Memphis Radiological Professional Corporation's Joinder [17]) therein are well-taken and should be, and hereby are, GRANTED. IT IS FURTHER ORDERED that both of the

---

[2] Furthermore, although addressing Tate's Motion to Dismiss obviated the need to decide Carvel's Motion to Compel Arbitration in the lead case, the Court was inclined to grant Carvel's motion. There was an obvious agreement to arbitrate, all of Tate's claims fell within the <u>broad</u> scope of the arbitration agreement and Tate failed to articulate any appreciable ground for refusing enforcement of the contractual arbitration provision. Referral to arbitration and dismissal of Tate's claims in 2:08CV57 would have decimated Tate's compulsory counterclaim argument respecting 2:08CV250 as well.

3

above-captions cases should be, and hereby are, DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 30th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE